⚖ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2025002051**
SNK
JUN 04, 2025 09:23 AM

*Lynne M. Policaro*
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

### IN THE STATE COURT OF HENRY COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| PETS2GO INTERNATIONAL, LLC and ANGELINA CORTEZ | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| HENRY COUNTY SHERIFF'S OFFICE, CURTIS CROCKER, ANTHONY HUGHES TRAVIS WARNER and DOES 1-10 (INCLUSIVE) | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action File No.: STSV2025002051
JURY TRIAL DEMANDED

### FIRST AMENDED COMPLAINT FOR DAMAGES

**COME NOW** Plaintiffs, Pets2Go International, LLC, and Angelina Cortez (hereinafter referred to as "the Plaintiffs"), by and through their attorney of record, and hereby and file this Complaint for Damages against Defendant, Anthony Hughes (hereafter "Hughes"), individually and in his official capacity as an employee of Henry County Sheriff Office; Defendant, Deputy Curtis Crocker (hereafter "Crocker"), individually and in his official capacity as an employee of Henry County Sheriff Office; Defendant, Travis Walker (hereafter "Walker"), individually and in his official capacity as an employee of Henry County Sheriff Office; and Henry County Sheriff Office, and DOES 1 through 10 (inclusive), and show the Court the following:

### Preliminary Statement

- 1 -

This action is initiated by the Plaintiffs against the Defendant for *inter alia* breach of statutory duty and negligence on account of the failure of the Sheriff's deputies to properly supervise the removal of the dispossessed tenant's property from the Landlord's premises.

On July 12, 2023, Defendants, Deputy Sheriffs Huges, Crocker, and Walker in the employment of the Defendant Henry County were executing a June 23, 2023, Writ of Possession issued against the Plaintiffs (a copy whereof is attached hereto as Exhibit "A" and incorporated herein by reference). Pursuant to Georgia law, *"Any writ of possession issued pursuant to this article shall authorize the removal of the tenant or his or her personal property or both from the premises and permit the placement of such personal property on some portion of the landlord's property or on other property as may be designated by the landlord and as may be approved by the executing officer…"*[1]

The July 12, 2023, Incident Report (a copy whereof is attached hereto as Exhibit "B" and incorporated herein by reference) states that the Deputies left prior to the removal of the entirety of the dispossessed tenant's property leaving a portion of the tenant's business inventory hostage to a landlord who had just dispossessed the tenant. Said landlord later denied access to the property which was not properly removed by the Sheriff's office in accordance with the Writ of Possession and Georgia law.

### **Ante-Litem Notice**

1.

On account of the failure of the Deputies to abide by statutory mandate and to adhere to standards of professional conduct, the Plaintiffs suffered damages in the form of monetary and

---

[1] O.C.G.A. § 44-7-55(c)

other loss occasioned by the inability to access its property. Plaintiffs served the Defendants with a July 11, 2024, ante *litem* notice (a copy whereof is attached hereto as Exhibit "C" and incorporated herein by reference) making a claim for damages. Since the Defendant has elected to ignore said *ante litem* notice, the Plaintiffs is obliged to invoke the jurisdiction of Court to press suit for damages.

## **PERSONAL JURISDICTION**

2.

Defendant, Deputy Walker, Badge # 6807 (hereinafter called "Walker"), at all times relevant to this lawsuit, was a law enforcement officer for the State of Georgia employed as a Deputy Sheriff for the Henry County Office of the Sheriff and is subject to the jurisdiction of this Court. He is sued in his individual capacity and in their official capacity as an employee of the Henry County Sheriff Office. Walker can be served with a copy of the Summons and Complaint by personal service at his place of employment, Henry County Sheriff's Office, located at 120 Henry Pkwy, McDonough, GA 30253.

3.

Defendant, Deputy Walker, Badge # 6807 (hereinafter called "Walker"), at all times relevant to this lawsuit, was a law enforcement officer for the State of Georgia employed as a Deputy Sheriff for the Henry County Office of the Sheriff and is subject to the jurisdiction of this Court. He is sued in his individual capacity and in their official capacity as an employee of the Henry County Sheriff Office. Walker can be served with a copy of the Summons and Complaint by personal service at his place of employment, Henry County Sheriff's Office, located at 120 Henry Pkwy, McDonough, GA 30253.

4.

Defendant, Deputy Crocker, Badge # 7452 (hereinafter called "Crocker"), at all times relevant to this lawsuit, was a law enforcement officer for the State of Georgia employed as a Deputy Sheriff for the Henry County Office of the Sheriff and is subject to the jurisdiction of this Court. He is sued in his individual capacity and in their official capacity as an employee of the Henry County Sheriff Office. Crocker can be served with a copy of the Summons and Complaint by personal service at his place of employment, Henry County Sheriff's Office, located at 120 Henry Pkwy, McDonough, GA 30253.

5.

Defendant, Henry County Sheriff's Office (hereinafter "HCSO"), is a governmental agency which may be served with a copy of the Summons and Complaint by personal service on Reginald B. Scandrett, Sheriff, HCSO, located at 120 Henry Pkwy, McDonough, GA 30253. Defendant HCSO is subject to the jurisdiction of this Court.

**VENUE**

6.

Henry County as proper venue to all Defendants as at least one Defendant, Henry County Sheriff's Office, is a resident of Henry County. "Suits against joint obligors, joint tort-feasors, joint promisors, copartners, or joint trespassers residing in different counties may be tried in either county." Ga. Const. Art. VI, § II, Para. IV and O.C.G.A. § 9-10-31.

**OPERATING FACTS**

7.

Plaintiffs entered into a June 22, 2020, lease with FP Andrew LP pertaining to the property commonly known as 1 Andrew Drive, Stockbridge, Henry County, Georgia 30281 (hereinafter referred to as "the Property").

8.

FL Andrew LP, subsequently assigned all rights, title, and interest in and to any lease affecting the Property to Franklin Stockbridge Associates, LLC (hereafter "FSA"), a Foreign Limited Liability Company. In a separate action, *Pets2go International, LLC et al. v. Franklin Stockbridge Associates, LLC* assigned case no. SUCV2022000269, the court issued a Writ of Possession[2] on behalf of FSA against Pets2Go International and Angelina Cortez.

9.

Defendants, John Does 1-10 (inclusive), are the unknown and unidentified individuals or entities who injured Plaintiffs, or were deliberately indifferent to Plaintiffs' needs, and violated its constitutional and statutory rights.

10.

The June 23, 2023, Writ of Possession[3] ordered the HCSO to execute said Writ against the Plaintiffs.

11.

---

[2] *See* Ex. "A"
[3] *See* Ex. "A"

HCSO was mandated to *inter alia* abide by the procedure prescribed by statute and ensure that the dispossessed tenant's possessions (in that case, and for this one, the Plaintiffs herein) were off the landlord's premises.

12.

The June 23, 2023, Writ was executed on July 12, 2023, by Deputy Walker and Deputy Crocker.[4]

13.

Based on the July 17, 2023, Incident Report,[5] it appears that neither Deputy deemed it worthy of their time and attention to stay at the landlord's property long enough to order, and witness, the removal of the Plaintiffs' property from the landlord's premises.

14.

Due to the negligence of the deputies, the Plaintiffs' property was left to the tender mercies of the landlord who refuses to turn it over to the Plaintiffs.

15.

Due to the landlord's failure to turn over the Plaintiffs' property, the Plaintiffs has suffered significant monetary losses due to loss of actual value of the property and loss of business opportunity.

## COUNT I
### (Claim for Negligence pursuant to O.C.G.A. § 44-7-55 and O.C.G.A. § 51-1-6)

16.

---

[4] *See* Ex. "B"
[5] *Ibid.*

Plaintiffs restate and incorporates by reference its allegations set forth in Paragraphs 1- 15 above.

17.

Georgia law statute governing the issuance and execution of a Writ of Possession is enshrined in O.C.G.A. § 44-7-55 as follows:

> (c) Any writ of possession issued pursuant to this article shall authorize the removal of the tenant or his or her personal property or both from the premises and permit the placement of such personal property on some portion of the landlord's property or on other property as may be designated by the landlord and as may be approved by the executing officer; provided, however, that the landlord shall not be a bailee of such personal property and shall owe no duty to the tenant regarding such personal property. After execution of the writ, such property shall be regarded as abandoned.

The duty of the sheriff executing a writ of possession is set forth in O.C.G.A. § 44-7-55 as follows:

> The sheriff, sheriff deputy, constable or marshal shall maintain administrative authority over any persons executing writs under this subsection.

Where there is a duty, and where there is breach of such a duty, the at-fault party is liable for damages to the wronged party as set forth in O.C.G.A. § 51-1-6:

> When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby.

18.

Defendants owed a duty of care to the Plaintiffs to ensure that its property was lawfully removed under the watchful eye of the HCSO.

- 7 -

19.

Defendants are liable to Plaintiffs for its breach to properly direct and supervise a lawful eviction pursuant to a Writ of Possession to its completion by failing to ensure "the removal of the tenant or his or her personal property or both from the premises and permit the placement of such personal property on some portion of the landlord's property or on other property as may be designated by the landlord."[6]

20.

HCSO and its agents/employees, Deputies, Walker and Crocker, breached that duty by failing to supervise the removal of the Plaintiffs' property so that such property could be secured by the Plaintiffs subsequent to its dispossession.

21.

HCSO had, or through the exercise of reasonable care should have had, prior knowledge that Deputy Walker and Deputy Crocker would negligently fail to supervise the dispossession of the Plaintiffs.

22.

HCSO did not correct the errors and negligence of the deputies since it failed to follow up on the incomplete execution of the Writ of Possession.

23.

Plaintiffs' property being damaged, stolen, and missing was a foreseeable act, and one in which the law was meant to protect.

24.

---

[6] O.C.G.A. § 44-7-55.

Due to HCSO's acts and omissions, the Plaintiffs has suffered grave monetary injuries.

25.

HCSO is liable for the damages caused by the deputies as a result of HCSO's negligent supervision of the deputies.

## **COUNT II**
### **(Negligent Supervision, Negligent Hiring)**

26.

Plaintiffs restate and incorporates by reference its allegations set forth in Paragraphs 1- 25 above.

27.

HCSO and Deputy Hughes have supervisory authority over the Deputies Crocker and Warner.

28.

Deputies Crocker and Warner failed to lawfully execute a Writ of Possession which led to the theft of the Plaintiffs' property and losses amounting to hundreds of thousands of dollars.

29.

HCSO and Walker approved the July 17, 2023, Incident Report without noting any deficiency or dereliction of duty by Crocker and Warner.

30.

HCSO and Walker, pursuant to *respondeat superior*, are direct and proximate cause of the Plaintiffs' losses by:

(a)    Failing to hire officers who were competent to understand and enforce the law;

(b)     Failing to provide appropriate training and continuing education to officers to enable effective enforcement of the law in accordance with generally accepted local, state, and federal standards of law enforcement; and,

(c)     Failing to supervise the conduct of Crocket and Warner and failing to discover irregularities and dereliction of duty in their conduct and their reports.

## COUNT III
**(Violation of Civil Rights under U.S.C. § 1983)**

31.

Plaintiffs restate and incorporates by reference its allegations set forth in Paragraphs 1- 30 above.

32.

As described hereinabove, pursuant to the laws of the State of Georgia, the Defendants were required to supervise the eviction process including the removal of the Plaintiffs' property from the property where it was evicted in a manner compatible with the protection of the Plaintiffs' property rights.

33.

It was incumbent upon the Defendants to ensure that the Plaintiffs' personal property was properly and safely removed. It was incumbent upon the Defendants to remain at the scene of the eviction until the non-detrained personal property of the Plaintiffs was safely removed and handed over into the custody and possession of the Plaintiffs.

34.

The Defendants were derelict in their duty by failing to remain on the scene of the eviction and failing to supervise the safe removal of the Plaintiffs' property.

- 10 -

35.

Because of this dereliction of duty, the Plaintiffs' personal property was stolen, and the Plaintiffs has suffered grievous monetary losses.

36.

U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

37.

The Defendants were acting under the color of law during the course of enforcing the Writ of Possession.

38.

The Defendants were derelict in their legal duty to ensure that the eviction was performed lawfully and that the personal property of the Plaintiffs was safely handed over to the Plaintiffs.

39.

The Defendants' acts and omissions constitute a violation of the Plaintiffs' rights as enshrined in U.S.C. § 1983 entitling Plaintiffs to maintain a civil suit against the Defendant and to obtain redress for her injuries including compensation for her losses.

## <u>COUNT IV</u>
### (Vicarious Liability)

40.

Plaintiffs restate and incorporates by reference its allegations set forth in Paragraphs 1- 39 above.

41.

HCSO is liable for the tortious acts and omissions of Sgt. Hughes, Deputies Walker, and Deputy Crocker under the doctrine of *respondeat superior.*

42.

HCSO is liable for the tortious acts of Deputy Walker and Deputy Crocker because they were HCSO's agents.

43.

Deputy Walker and Deputy Crocker were HCSO's agents and employees and, at the time of the subject incident, were subject to the direction and control of HCSO.

44.

Sgt. Hughes, Deputy Walker, and Deputy Crocker were acting within the scope of their employment and for the benefit of HCSO when they negligently supervised the dispossession of the Plaintiffs from the landlord's premises and failed to remove Plaintiffs' property from the property of the landlord as required by the plain reading of Georgia law.[7]

## COUNT V
**(General and Special Damages)**

45.

Plaintiffs restate and incorporates by reference its allegations set forth in Paragraphs 1- 44 above.

---

[7] O.C.G.A. § 44-7-55(c)

46.

The foregoing acts or omissions thereof of Defendants were the natural and proximate cause of Plaintiffs' injuries and damages which include, but are not limited to, present and future general damages and special.

## COUNT VI
### (Recovery Of Attorney's Fees Pursuant to O.C.G.A. § 13-6-11)

47.

Plaintiffs restate and incorporates by reference its allegations set forth in Paragraphs 1- 46 above.

48.

Defendants' actions were in bad faith, stubbornly litigious, and caused unnecessary trouble or expense.

49.

Plaintiffs are therefore entitled to recover his litigation expenses, including reasonable attorneys' fees and costs incurred in this action.

## COUNT VII
### (Punitive Damages)

50.

Plaintiffs incorporate by reference his allegations from Paragraphs 1-49 as if fully set forth herein.

51.

The wrongful acts, negligent acts and omissions, violations of Defendants, by and through their agents and/or employees, evince wantonness and are such gross deviations from the

appropriate standards of care that they justify the inference of a conscious indifference to the consequences as defined by O.C.G.A. § 51-12-5.1, and which justify an award of punitive and exemplary damages against Defendants to punish, penalize, and deter these Defendants and others similarly situated from repeating such egregious conduct in the future.

## PRAYER

**WHEREFORE,** Plaintiffs prays for judgment and relief as follows:

1.      That the Defendants be liable on all of the above counts;

2.      That Plaintiffs be awarded judgment against Defendants for general and special damages as established by the evidence;

3.      That Plaintiffs be awarded the costs of this action and reasonable attorneys' fees; and,

4.      For any such other relief as the Court may deem just and proper.


This 3rd day of June 2025.

                                                Respectfully submitted,

                                                _____
                                                M. Cordele Rolle
                                                Georgia Bar Number: 521133
                                                Attorney for Plaintiffs Pets2Go and
                                                Defendant Cortez

**THE CORDELE FIRM, INC.**
5815 Live Oak Pkwy.
Suite A
Norcross, GA 30093
Office: 770.807.0062
Direct: 404.454.6454
Fax:    678.823.8165
Email: cordele@cordelefirm.com